**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEREK WALKER, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| | ) Case No. 22 CV 5892 |
| | ) |
| -vs- | ) |
| | ) Honorable |
| City of Chicago, Ronald Watts, Brian Bolton, | ) |
| Darryl Edwards, Robert Gonzalez, Alvin Jones, | ) Magistrate Judge Shelia M. Finnegan |
| Kallatt Mohammed, Calvin Ridgell, John | ) |
| Rodriguez, Gerome Summers Jr., and Kenneth | ) |
| Young Jr., | ) |
| | ) (This case is part of *In re: Watts* |
| | ) *Coordinated Pretrial Proceedings*, |
| *Defendants.* | ) Master Docket No. 19-cv-1717) |

**DEFENDANT OFFICERS' ANSWERS AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, Brian Bolton, Darryl Edwards, Robert Gonzalez, Alvin Jones, John Rodriguez, Gerome Summers Jr., and Kenneth Young Jr. (collectively "Defendant Officers") by and through their undersigned counsel, Hale & Monico LLC, hereby submit the following Answers and Affirmative Defenses to Plaintiff's Complaint:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1367.

**ANSWER:** Defendant Officers admit this action includes claims that purport to be based on 42 U.S.C. § 1983 and that this Court has jurisdiction over federal and state law claims. Defendant Officers deny any liability to Plaintiff for any and all claims asserted in this action and remaining allegations in this Paragraph.

**I. Parties**

1

2. Plaintiff Derek Walker is a resident of the Northern District of Illinois.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the allegations in this Paragraph.

3. Defendant City of Chicago is an Illinois municipal corporation.

**ANSWER:** Defendant Officers admit the allegations in this Paragraph.

4. Defendants Ronald Watts, Brian Bolton, Darryl Edwards, Robert Gonzalez, Alvin Jones, Kallatt Mohammed, Calvin Ridgell, John Rodriguez, Gerome Summers Jr., and Kenneth Young Jr. (the "individual officer defendants") were at all relevant times acting under color of their offices as Chicago police officers. Plaintiff sues the individual officer defendants in their individual capacities only.

**ANSWER:** Defendant Officers admit the allegations directed at them. With respect to the remaining individual officer defendants, Defendant Officers admit, upon information and belief, that those officers were employed by the City of Chicago as police officers during certain time periods alleged in Plaintiff's Complaint and were acting in the course and scope of their employment as Chicago police officers at those times. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

## II. Overview

5. Plaintiff Walker is one of many victims of the criminal enterprise run by convicted felon and former Chicago Police Sergeant Ronald Watts and his tactical team at the Ida B. Wells Homes in the 2000's.

**ANSWER:** Defendant Officers deny they engaged in any criminal activity or other alleged misconduct and therefore deny the allegations in this Paragraph directed against them.

2

Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

6. As of the date of filing, more than 150 individuals who were framed by the Watts Gang have had their convictions vacated by the Circuit Court of Cook County.

**ANSWER:** Defendant Officers admit, on information and belief, that there are a number of individuals that have had their convictions vacated by the Circuit Court of Cook County. Defendant Officers deny they framed anyone as they understand that term and therefore deny the allegations in this Paragraph directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

7. Many victims of the Watts Gang are currently prosecuting federal lawsuits. Pursuant to an order of the Court's Executive Committee dated July 12, 2018, these cases have been coordinated for pretrial proceedings under the caption, *In Re: Watts Coordinated Pretrial Proceedings*, 19-cv- 01717.

**ANSWER:** Defendant Officers admit that various individuals have filed federal civil lawsuits against them and others and that these cases have been coordinated for pretrial proceedings. Defendant Officer deny they engaged in any criminal activity or other alleged misconduct and therefore deny the remaining allegations in this Paragraph.

8. The Executive Committee's Order states that additional cases, such as this one, filed with similar claims and the same defendants shall be part of these coordinated pretrial proceedings.

**ANSWER:** Defendant Officers admit the allegations in this Paragraph.

9. The Watts Gang of officers engaged in robbery and extortion, used excessive force, planted evidence, fabricated evidence, and manufactured false charges.

**ANSWER:** Defendant Officers deny they engaged in robbery and extortion, used excessive force, planted evidence, fabricated evidence, or manufactured false charges, and therefore deny the allegations in this Paragraph as directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

10. High-ranking officials within the Chicago Police Department were aware of the Watts Gang's criminal enterprise but failed to take any action to stop it.

**ANSWER:** Defendant Officers deny they engaged in any criminal activity or other alleged misconduct and therefore deny the allegations in this Paragraph as directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

11. The Chicago Police Department's official policies and customs of failing to discipline, supervise, and control its officers, as well as its code of silence, were a proximate cause of the Watts Gang's criminal enterprise.

**ANSWER:** Defendant Officers deny they ever experienced, participated in, or observed a "code of silence" as they understand that term or engaged in any criminal activity, and therefore deny the allegations in this Paragraph as directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

12. Watts Gang officers arrested plaintiff without probable cause, fabricated evidence, and framed plaintiff for a drug offense.

**ANSWER:** Defendant Officers deny they arrested Plaintiff without probable cause, fabricated evidence against him, framed him for drug possession, or otherwise engaged in any

alleged misconduct, and therefore deny the allegations in this Paragraph.

13. Based on the powerful evidence that has become known about the Watts Gang's nearly decade-long criminal enterprise, the Circuit Court of Cook County vacated plaintiff's conviction and granted plaintiff a certificate of innocence.

**ANSWER:** Defendants Officers admit, on information and belief, that the Circuit Court of Cook County vacated Plaintiff's conviction and that Plaintiff was granted a certificate of innocence. Defendant Officers deny they engaged in any criminal activity or other alleged misconduct and that Plaintiff was innocent, and therefore deny any remaining allegations in this Paragraph as directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

14. Plaintiff brings this lawsuit to secure a remedy for illegal incarceration, illegal restraints on liberty, and other injuries, all of which were caused by: the Watts Gang officers, the failure of high-ranking officials within the Chicago Police Department to stop the Watts Gang, the code of silence within the Chicago Police Department, and the Chicago Police Department's defective discipline policy.

**ANSWER:** Defendant Officers admit that Plaintiff brings this action for money damages for alleged injuries he claims to have suffered. Defendants Officers deny they caused any injury to Plaintiff, deny they engaged in any misconduct, or ever experienced, participated in, or observed a "code of silence" as they understand that term, and therefore deny Plaintiff is entitled to money damages or any other relief whatsoever.

**III.    False Arrest and Illegal Prosecution of Plaintiff**

15. On March 10, 2004, plaintiff was arrested by the individual officer defendants at the Ida

5

B. Wells Homes in Chicago.

**ANSWER:** Defendant Officers admit that Plaintiff was arrested on March 10, 2004 and deny the remaining allegations in this Paragraph.

16. At the time the officers arrested plaintiff:

a. None of the individual officer defendants had a warrant authorizing the arrest of plaintiff;

b. None of the individual officer defendants believed that a warrant had been issued authorizing the arrest of plaintiff;

c. None of the individual officer defendants had observed plaintiff commit any offense; and

d. None of the individual officer defendants had received information from any source that plaintiff had committed an offense.

**ANSWER:** Defendant Officers admit they did not have a warrant authorizing the arrest of Plaintiff on March 10, 2004 and did not believe a warrant had been issued authorizing the arrest of Plaintiff on March 10, 2004. Defendants Officers deny the remaining allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

17. After arresting plaintiff, the individual officer defendants conspired, confederated, and agreed to fabricate a false story in an attempt to justify the unlawful arrest, to cover-up their wrongdoing, and to cause plaintiff to be wrongfully detained and prosecuted.

**ANSWER:** Defendant Officers deny the allegations in this Paragraph.

18. The false story fabricated by the individual officer defendants included their concocted

6

claim that they saw plaintiff sell drugs.

**ANSWER:** Defendant Officers deny the allegations in this Paragraph.

19. The acts of the individual officer defendants in furtherance of their scheme to frame plaintiff include the following:

a. One or more of the individual officer defendants prepared police reports containing the false story, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights;

b. One or more of the individual officer defendants attested to the false story through the official police reports, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights;

c. Defendant Watts formally approved one or more of the official police reports, knowing that the story set out therein was false; and

d. One or more of the individual officer defendants communicated the false story to prosecutors, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights.

**ANSWER:** Defendant Officers deny each of the allegations in this Paragraph and all of its subparts that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

20. The individual officer defendants committed the above-described wrongful acts knowing that the acts would cause plaintiff to be held in custody and falsely prosecuted for an offense that had never occurred.

**ANSWER:** Defendant Officers deny they committed any wrongful acts and therefore

deny the allegations in this Paragraph.

21.     Defendant Watts was one cause of the above-described wrongful acts through his direction, encouragement, and facilitation of similar wrongful acts by the other individual officer defendants.

**ANSWER:**     Defendant Officers deny they committed any wrongful acts and therefore deny the allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

22.     As the leader of the above-described criminal enterprise, Watts trained the other individual officer defendants to commit the above-described wrongful acts, encouraged the other individual officer defendants to commit the above-described wrongful acts, and failed to intervene to prevent the violation of plaintiff's rights.

**ANSWER:**     Defendant Officers deny they committed any wrongful acts and therefore deny the allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

23.     Plaintiff was charged with a drug offense because of the wrongful acts of the individual officer defendants.

**ANSWER:**     Defendant Officers admit that Plaintiff was charged with a drug offense. Defendant Officers deny they committed any wrongful acts and therefore deny any remaining allegations in this Paragraph.

24.     Plaintiff knew that it would be impossible to prove that the individual officer defendants had concocted the charges.

**ANSWER:** Defendant Officers deny they falsified or otherwise "concocted" the criminal charges against Plaintiff or engaged in any alleged misconduct, and therefore deny the allegations in this Paragraph.

25. Accordingly, even though plaintiff was innocent, plaintiff pleaded guilty to a drug offense on July 27, 2004, and was sentenced to serve 18 months probation.

**ANSWER:** Defendant Officers, on information and belief, admit that Plaintiff pleaded guilty to a drug offense on July 27, 2004, and received a sentence of 18 months probation. Defendant Officers deny the remaining allegations in this Paragraph.

26. Plaintiff was deprived of liberty because of the above-described wrongful acts of the individual officer defendants.

**ANSWER:** Defendant Officers deny the allegations in this Paragraph.

### IV. Plaintiff's Exoneration

27. Plaintiff challenged the above-described wrongful conviction after learning that federal prosecutors and lawyers for other wrongfully convicted individuals had discovered the Watts Gang's criminal enterprise.

**ANSWER:** Defendant Officers deny they engaged in any misconduct, including the wrongful acts alleged by Plaintiff. Defendant Officers lack knowledge or information sufficient to form a belief as to when or why Plaintiff decided to challenge his conviction.

28. On February 16, 2022, the Circuit Court of Cook County vacated plaintiff's conviction and granted the State's request to *nolle prosequi* the case.

**ANSWER:** Defendant Officers, on information or belief, admit the Circuit Court of Cook County granted the State's motion to set aside Plaintiff's conviction and to *nolle prosequi* the case. Defendant Officers deny they engaged in any misconduct and further deny any remaining

allegations in this Paragraph.

29.     On April 13, 2022, the Circuit Court of Cook County granted plaintiff a certificate of innocence.

**ANSWER:**     Defendant Officers, on information and belief, admit the Circuit Court of Cook County granted Plaintiff a certificate of innocence for his 2004 conviction. Defendant Officers deny Plaintiff is innocent and further deny any remaining allegations in this Paragraph.

**V.     Plaintiff's Arrest and Prosecution Were Part of a Long-Running Pattern Known to High-Ranking Officials within the Chicago Police Department**

30.     Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, the Chicago Police Department had received many civilian complaints that defendant Watts and the Watts Gang were engaging in robbery, extortion, the use of excessive force, planting evidence, fabricating evidence, and manufacturing false charges against persons at the Ida B. Wells Homes.

**ANSWER:**     Defendant Officers admit they have been the subjects of citizen complaints during the course of their careers. Defendant Officers deny Plaintiff was wrongfully arrested, detained, or prosecuted and deny that they engaged in robbery, extortion, the use of excessive force, planted evidence, fabricated evidence, and manufactured false charges against persons at the Ida B. Wells Homes and therefore deny the allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

31.     Criminal investigators corroborated these civilian complaints with information they obtained from multiple cooperating witnesses.

**ANSWER:**     Defendant Officers deny they engaged in any misconduct, including

robbery, extortion, the use of excessive force, planted evidence, fabricated evidence, and manufactured false charges against persons at the Ida B. Wells Homes and therefore deny the allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

32. High-ranking officials within the Chicago Police Department learned about the above-described credible allegations of serious wrongdoing by Watts and the Watts Gang, but they deliberately chose to turn a blind eye to the wrongdoing by Watts and his gang.

**ANSWER:** Defendants Officers deny they engaged in any wrongdoing and therefore deny the allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this Paragraph where they apply to other defendants.

33. As a direct and proximate result of the deliberate indifference of these high-ranking officials, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

**ANSWER:** Defendant Officers deny they engaged in robbery, extortion, the use of excessive force, planting evidence, fabricating evidence, and manufacturing false charges against Plaintiff or other persons at the Ida B. Wells Homes, deny that Plaintiff was wrongfully arrested, detained, or prosecuted, deny that they engaged in any of the alleged misconduct and therefore deny the allegations in this Paragraph that are directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining

11

allegations in this Paragraph where they apply to other defendants.

## VI. Official Policies and Customs of the Chicago Police Department Were the Moving Force behind the Defendants' Misconduct

34. At all relevant times, the Chicago Police Department maintained official policies and customs that facilitated, encouraged, and condoned the defendants' misconduct.

**ANSWER:** Defendant Officers deny they engaged in any alleged misconduct and therefore deny the allegations in this Paragraph.

### A. Failure to Discipline

35. At all relevant times, the Chicago Police Department maintained a policy or custom of failing to discipline, supervise, and control its officers. By maintaining this policy or custom, the City caused its officers to believe that they could engage in misconduct with impunity because their actions would never be thoroughly scrutinized.

**ANSWER:** Defendant Officers deny they engaged in any misconduct and therefore deny the allegations in this Paragraph.

36. Before plaintiff's arrest, policymakers for the City of Chicago knew that the Chicago Police Department's policies or customs for disciplining, supervising, and controlling its officers were inadequate and caused police misconduct.

**ANSWER:** Defendant Officers deny they engaged in any misconduct and therefore deny the allegations in this Paragraph.

37. Despite their knowledge of the City's failed policies and customs for disciplining, supervising, and controlling its officers, the policymakers failed to take action to remedy these problems.

**ANSWER:** Defendant Officers deny they engaged in any misconduct and therefore deny the allegations in this Paragraph.

12

38. Before the Watts Gang engineered plaintiff's above-described wrongful arrest, detention, and prosecution, the individual officer defendants had been the subject of numerous formal complaints of official misconduct.

**ANSWER:** Defendant Officers admit they were the subjects of citizen complaints during the course of their careers. Defendant Officers deny they wrongfully arrested, detained, or prosecuted Plaintiff or engaged in any misconduct and therefore deny the remaining allegations in this Paragraph.

39. As a direct and proximate result of the Chicago Police Department's inadequate policies or customs for disciplining, supervising, and controlling its officers and the policymakers' failure to address these problems, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

**ANSWER:** Defendant Officers deny they engaged in any misconduct, including robbery and extortion, used excessive force, planted evidence, fabricated evidence, or manufactured false charges against persons at the Ida B. Wells Homes, or wrongfully arrested, detained or prosecuted Plaintiff, and therefore deny the allegations in this Paragraph.

**B. Code of Silence**

40. At all relevant times, the Chicago Police Department maintained a code of silence that required police officers to remain silent about police misconduct. An officer who violated the code of silence would be severely penalized by the Department.

**ANSWER:** Defendant Officers deny that they ever experienced, participated in, or observed a "code of silence" as they understand that term and therefore deny the allegations in

this Paragraph.

41.     At all relevant times, police officers were trained at the Chicago Police Academy not to break the code of silence. Officers were instructed that "Blue is Blue. You stick together. If something occurs on the street that you don't think is proper, you go with the flow. And after that situation, if you have an issue with that officer or what happened, you can confront them. If you don't feel comfortable working with them anymore, you can go to the watch commander and request a new partner. But you never break the code of silence."

**ANSWER:**     Defendant Officers deny they were ever instructed or trained as alleged, or experienced, participated in, or observed a "code of silence" as they understand that term and therefore deny the allegations in this paragraph.

42.     This code of silence facilitated, encouraged, and enabled the individual officer defendants to engage in egregious misconduct for many years, knowing that their fellow officers would cover for them and help conceal their widespread wrongdoing.

**ANSWER:**     Defendant Officers deny they engaged in any misconduct and deny they ever experienced, participated in, or observed a "code of silence" as they understand that term and therefore deny the allegations in this Paragraph.

43.     Consistent with this code of silence, the few people within the Chicago Police Department who stood up to Watts and his gang or who attempted to report their misconduct were either ignored or punished, and the Watts Gang was thereby able to engage in misconduct with impunity.

**ANSWER:**     Defendant Officers deny they engaged in any misconduct and deny they ever experienced, participated in, or observed a "code of silence" as they understand that term and therefore deny the allegations in this Paragraph.

14

44.     Watts and his gang are not the first Chicago police officers whom the City of Chicago allowed to abuse citizens with impunity while the City turned a blind eye.

**ANSWER:**     Defendant Officers deny they abused citizens or otherwise engaged in any misconduct and therefore deny the allegations in this Paragraph.

45.     One example of this widespread practice is Chicago police officer Jerome Finnigan, who was convicted and sentenced on federal criminal charges in 2011. One of the charges against Finnigan involved his attempt to hire a hitman to kill a police officer whom Finnigan believed would be a witness against him.

**ANSWER:**     Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the allegations in this Paragraph. Defendant Officers deny they engaged in any misconduct and therefore deny any remaining allegations in this Paragraph.

46.     Finnigan was part of a group of officers in the Defendant City's Special Operations Section who carried out robberies, home invasions, unlawful searches and seizures, and other crimes.

**ANSWER:**     Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph. Defendant Officers deny they engaged in any misconduct and therefore deny any remaining allegations in this Paragraph.

47.     Finnigan and his crew engaged in their misconduct at around the same time that plaintiff was subjected to the abuses described above.

**ANSWER:**     Defendant Officers deny they engaged in any misconduct, including subjecting Plaintiff to any of the alleged abuses described above, and therefore deny the allegations in this Paragraph sa directed against them. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth as to the remaining allegations in this

15

Paragraph.

48. Finnigan, like the defendants in this case, had been the subject of many formal complaints of misconduct.

**ANSWER:** Defendant Officers lack sufficient knowledge or information to form a belief as to whether Finnigan was the subject of "formal complaints of misconduct" as they understand that vague and undefined term. Defendant Officers admit they were the subjects of citizen complaints during the course of their careers. Defendant Officers deny they engaged in any misconduct and therefore deny any remaining allegations in this Paragraph.

49. Finnigan revealed at his criminal sentencing hearing in 2011, "You know, my bosses knew what I was doing out there, and it went on and on. And this wasn't the exception to the rule. This was the rule."

**ANSWER:** Defendant Officers lack knowledge or information sufficient to form a belief as to what Finnigan said at any sentencing hearing. Defendant Officers deny they engaged in any misconduct and therefore deny any remaining allegations in this Paragraph.

50. Defendants Watts and Mohammed were criminally charged in federal court in February 2012 after shaking down a federal informant they believed was a drug dealer.

**ANSWER:** Defendant Officers, on information and belief, admit that in February 2012 Defendants Watts and Mohammed were charged with theft of government funds arising from a November 2011 incident in which they were involved while they were off-duty. On information and belief, Defendant Officers deny the remaining allegations in Paragraph.

51. Defendant Mohammed pleaded guilty in 2012.

**ANSWER:** Defendant Officers, on information and belief, admit that Mohammed pled guilty to a single count of theft of government funds in connection with conduct that occurred in

16

November 2011 while he was off-duty.

52.     Defendant Watts pleaded guilty in 2013.

**ANSWER:**     Defendant Officers, on information and belief, admit that Watts pled guilty to a single count of theft of government funds in connection with conduct that occurred in November 2011 while he was off-duty.

53.     In the case of *Obrycka v. City of Chicago et al.*, No. 07-cv-2372 (N.D. Ill.), a federal jury found that, as of February 2007, "the City [of Chicago] had a widespread custom and/or practice of failing to investigate and/or discipline its officers and/or code of silence."

**ANSWER:**     Defendant Officers deny they engaged in any misconduct or experienced, participated in, or observed a "code of silence" as they understand that term. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

54.     In December 2015, Chicago Mayor Rahm Emanuel acknowledged the continued existence of the code of silence within the Chicago Police Department; Emanuel, speaking in his capacity as Mayor, admitted that the code of silence leads to a culture where extreme acts of abuse are tolerated.

**ANSWER:**     Defendant Officers deny they engaged in any misconduct or experienced, participated in, or observed a "code of silence" as they understand that term. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

55.     In April 2016, the City's Police Accountability Task Force found that the code of silence "is institutionalized and reinforced by CPD rules and policies that are also baked into the labor agreements between the various police unions and the City."

17

**ANSWER:** Defendant Officers deny they engaged in any misconduct or experienced, participated in, or observed a "code of silence" as they understand that term. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

56. In an official government report issued in January 2017, the United States Department of Justice found that "a code of silence exists, and officers and community members know it."

**ANSWER:** Defendant Officers deny they engaged in any misconduct or experienced, participated in, or observed a "code of silence" as they understand that term. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

57. On March 29, 2019, then-Chicago Police Superintendent Eddie Johnson publicly acknowledged the code of silence, stating that some Chicago police officers "look the other way" when they observe misconduct by other Chicago police officers.

**ANSWER:** Defendant Officers deny they engaged in any misconduct and deny they experienced, participated in, or observed a "code of silence" as they understand that term. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

58. In October 2020, Chicago Police Superintendent David Brown acknowledged in public comments that the code of silence continues to exist.

**ANSWER:** Defendant Officers deny they engaged in any misconduct or experienced, participated in, or observed a "code of silence" as they understand that term. Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the remaining

18

allegations in this Paragraph.

59.     The same code of silence in place during the time period at issue in the *Obrycka* case and recognized by the Mayor, Superintendent Johnson, Superintendent Brown, the Task Force, and the Department of Justice was also in place when plaintiff suffered the wrongful arrest, detention, and prosecution described above.

**ANSWER:**     Defendant Officers deny they experienced, participated in, or observed a "code of silence" as they understand that term, deny that they engaged in any misconduct, and deny that Plaintiff was wrongfully arrested, detained, or prosecuted, and therefore deny the remaining allegations in this Paragraph.

60.     As a direct and proximate result of the City's code of silence, Watts and his gang continued to engage in robbery and extortion, use excessive force, plant evidence, fabricate evidence, and manufacture false charges against persons at the Ida B. Wells Homes, including but not limited to the wrongful arrest, detention, and prosecution of plaintiff, as described above.

**ANSWER:**     Defendant Officers deny they experienced, participated in, or observed a "code of silence" as they understand that term, deny they engaged in any misconduct, including using excessive force, planting evidence, fabricating evidence, manufacturing false charges against persons at the Ida B. Wells Homes, and deny they wrongfully arrested, detained, or prosecuted Plaintiff, and therefore deny the allegations in this Paragraph.

**VII.     Claims**

61.     As a result of the foregoing, all of the defendants caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments.

**ANSWER:**     Defendant Officers deny the allegations in this Paragraph.

62.     As a supplemental state law claim against defendant City of Chicago only: as a result of

19

the foregoing, plaintiff was subjected to a malicious prosecution under Illinois law.

**ANSWER:** This allegation is not directed at Defendant Officers so Defendant Officers make no answer. To the extent an answer is required, Defendants deny they maliciously prosecuted Plaintiff or otherwise engaged in any of the alleged misconduct and therefore deny the allegations in this Paragraph.

63. Plaintiff hereby demands trial by jury.

**ANSWER:** Defendant Officers admit Plaintiff's Complaint includes a jury demand.

**AFFIRMATIVE DEFENSES**

Defendant Officers, without prejudice to their denials and all other statements in their answer, and without assuming the burden of proof as to matters that may not be affirmative defenses, state:

1. At all times relevant to the events alleged in Plaintiff's Complaint, Defendant Officers were government officials, namely Chicago Police officers, who perform discretionary functions. At all relevant times, a reasonable officer objectively viewing the facts and circumstances then confronting Defendant Officers, could have believe their actions regarding their encounter with Plaintiff to be lawful, in light of clearly established law and the information that they possessed. Defendant Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

20

3.     Defendant Officers are absolutely immune from civil liability for any testimony they may have given in judicial proceedings in Plaintiff's underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

4.     Defendant Officers are not liable for the claims alleged under state law because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

5.     Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state-law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the Defendant Officers are immune from liability. 745 ILCS 10/2-201.

6.     Under the Illinois Tort Immunity Act, Defendant Officers are not liable for the claims alleged under state law because a public employee, acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

7.     Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any injury alleged caused by instituting or prosecuting any judicial or administrative proceeding with the scope of his or her employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208.

8.     Plaintiff's claims are barred by the applicable statutes of limitations.

9.     Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

21

10. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, including by his voluntary guilty plea, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle a plaintiff has a duty to mitigate his or her damages.

11. Any recovery of damages by Plaintiff against Defendant Officers is barred by the doctrine of *in pari delicto*.

12. Plaintiff's Complaint fails to state cognizable claims for relief that are plausible on its face:

a. Plaintiff fails to state a due process claim based on fabricated evidence in Count I because the allegedly fabricated evidence was not introduced against him at trial and did not cause his conviction;

b. Even if otherwise actionable, Plaintiff's guilty pleas defeat his fabrication of evidence claim;

c. Plaintiff fails to state a *Brady*-based due process claim in because his allegations establish that no evidence subject to *Brady* was suppressed;

d. To the extent Plaintiff asserts a Fourteenth Amendment due process claim based on any pre-trial deprivation of liberty or asserts a federal malicious prosecution claim, those claims are not actionable as a matter of law;

e. To the extent Plaintiff alleges a failure to intervene, such a claim has no basis in the Constitution, and the "Supreme Court has held many times that § 1983 supports only direct, and not vicarious, liability." *Mwangangi v. Nielsen*, 48 F.4th 816, 834-35 (7th Cir. 2022) (Easterbrook, J. concurring).

f. Any derivative failure to intervene and conspiracy claims are not actionable;

22

g. Any Fourth Amendment claim for detention without probable cause is time-barred;

h. Plaintiff's state law claims of malicious prosecution is time-barred.

## JURY DEMAND

Defendant Officers respectfully request a trial by jury

Dated: September 13, 2024.

Respectfully submitted,

*/s/ William E. Bazarek*

Special Assistant Corporation Counsel
One of the attorneys for *Defendant Officers*

Andrew M. Hale
William E. Bazarek
Jason Marx
Hannah Beswick Hale
Anthony E. Zecchin
Kelly M. Olivier
HALE & MONICO LLC
53 W. Jackson Blvd., Suite 334
Chicago, Il 60604
Phone (312) 341-9656
Fax (312) 341-9646

24

## CERTIFICATE OF SERVICE

I, William E. Bazarek, hereby certify that on September 13, 2024, I electronically files the forgoing, DEFENDANT OFFICERS' ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, with the Clerk of the Court using the ECF system, which simultaneously served copies on all counsel of record via electronic notification.

*/s/ William E. Bazarek*

24